IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| LAUDES CORPORATION, ) | |
| Plaintiff, ) | |
| v. ) | |
| THE UNITED STATES, ) | Case No. 1:08-cv-00121 (Judge Thomas C. Wheeler) |
| Defendant. ) | |

AFFIDAVIT OF MARK G. JACKSON IN SUPPORT OF PLAINTIFF'S MOTION FOR DISCOVERY UNDER RCFC 56(f)

I, Mark G. Jackson, do hereby state and declare as follows:

1. I am the attorney for Plaintiff Laudes Corporation, am over the age of 18, have personal knowledge of the matters contained herein, and am competent to testify thereto.

2. Set forth below, are: (a) the topics on which factual discovery is sought by Plaintiff; (b) the basis for Plaintiff's belief that the facts sought are reasonably expected to demonstrate a genuine issue of material fact; and (c) the bases on which Plaintiff believes such discoverable facts exist.

3. Plaintiff has made a diligent effort to ascertain the facts sought. I have reviewed all of the documents in Plaintiff's possession relating to this action, including electronic mail exchanged with or received from Defendant. I have also reviewed certain public information known to Plaintiff relating to the cause of action set forth in the complaint. I have also reviewed documents received in discovery in another case brought by Laudes' against the Government (*Laudes Corporation* v. *United States,* U.S. Federal Court of Claims No. 07-4-C). A small number of them pertain to the Fallujah forward operating base project ("EFIC"), which is the subject of this action.

4. Plaintiff could not have reasonably discovered the facts sought in the discovery requested herein because there has been no discovery at all in this case and the information sought lies within Defendant's possession and control. On June 16, 2008, Defendant filed a motion to dismiss and in the alternative, for summary judgment in response to the complaint. As a result, Plaintiff has been deprived of access to information relevant to Plaintiff's claim and Defendant's motion for summary judgment that resides solely with the Defendant.

5. In order to adequately defend against Defendant's Motion for Dismissal or in the Alternative, for Summary Judgment, Plaintiff seeks discovery concerning, among other topics, the following matters:

a. Information showing: (i) whether and to what extent the Iraqi Interim Government, the Iraqi Ministry of Defence, and/or any other agency or instrumentality of the Iraqi government did or did not have the right, power and authority to direct and control the decisions and activities of civilian and military officials of the United States Department of Defense Projects and Contracting Office, Iraq ("PCO"), in connection with defining the specifications for, soliciting, selecting sources, awarding, administering, issuing, modifying, adjusting, administering, supervising and paying funds for work performed under, contracts issued and/or administered by PCO in Iraq in and after September 2004 as such information relates to the contract at issue in this matter; (ii) whether or not such right, power, and control was or was not, in fact, exercised by any of the foregoing agencies or instrumentalities of the Iraqi government with respect to this contract; and (iii) information concerning whether the PCO, or any other agency or instrumentality of the U.S. Government, agreed or consented to act subject to the advice, consent, direction and/or or control of any such agency or instrumentality of the Iraqi

government in such connection, and the parties to, form and substance of any such agreement.

b. Information showing whether and to what extent the Iraqi Interim Government, the Iraqi Ministry of Defence ("MOD"), and/or any other agency or instrumentality of the Iraqi government did or did not have the right, power and authority to direct and control the procurement and acquisition decisions and activities of the United States officials of the Multinational Security Transition Command, Iraq ("MNSTC-I") and Multinational Force, Iraq ("MNF-I"), and PCO, in and after September 2004, in furtherance of MNSTC-I's, MNF-I's and PCO's assigned duties, responsibilities, missions and tasks as they relate to the award, performance and payment of and for the contract at issue.

c. Information defining the duties, responsibilities, missions, operations, and tasks assigned to or undertaken by MNSTC-I, MNF-I, and PCO, and the scope and source of authority under which MNSTC-I, MNF-I, and PCO performed or were authorized to perform those duties, responsibilities, missions, operations and tasks as they relate to this contract.

d. Information concerning the chain of command in which PCO operated, particularly concerning to whom the PCO officials with whom Laudes dealt in connection with the EFIC project reported, and who had the right to direct and control their actions, and concerning to whom PCO's command reported and who had the right to direct and control PCO's actions, generally.

e. Information concerning the authority to bind the U.S. Government in contract of the PCO, including T.J. McClaren, Lt. Col. Hobson, Major Caryer, and other PCO and

MFN-I personnel with whom Laudes dealt, including the source, scope, and limitations, if any, on such authority of each and every such person..

f. Information concerning the identity, title and authority of the persons or persons who made or had input into decisions concerning the allocation and expenditure of funds to be used to pay for the costs of the EFIC forward operating base in Fallujah, Iraq, referenced in the complaint, and the source and scope of their authority.

g. Information concerning the role of the United States Department of State in relation to matters concerning budget planning and funding for the costs of the EFIC forward operating base in Fallujah, Iraq, referenced in the complaint, generally. Specifically, information concerning the duties, responsibilities, functions, and the source and scope of the authority of Mr. Patrick Marr in any connection therewith, including funding sources, methods, contracting vehicles and arrangements, funding criteria and limits.

h. Information concerning Mr. Patrick Marr and his title, duties, responsibilities, and the capacity in which he acted in relation to projects and contracts administered by the PCO, generally, and Laudes' EFIC effort, in particular.

i. Information showing: (i) whether and to what extent the Iraqi Interim Government, the Iraqi MOD, and/or any other agency or instrumentality of the Iraqi government did or did not have the right, power and authority to direct and control the decisions and activities of officials and officers of the United States Department of State in and after September 2004, concerning funding for projects and contracts administered by the PCO; (ii) information concerning whether or not such right, power, and control was or was not, in fact, exercised by any of the foregoing agencies or instrumentalities of

the Iraqi government; and (3) information concerning whether or not the U.S. Department of State, or any other agency or instrumentality of the U.S. Government did or did not agree or consent to act subject to the advice, consent, direction and/or or control of any such agency or instrumentality of the Iraqi government in such connection, and the parties to, form and substance of any such agreement.

j. Information concerning any funding "cap," limit or ceiling on funding for the EFIC effort, including the reasons for and source of such cap, limit or ceiling, and the identity, title, and affiliations of all persons who participated or had input in making such decisions, the capacity in which each such persons so acted, and the source and scope of each such person's authority to so act.

k. Information concerning any and all decisions to pay or not to pay any and all invoices presented by Laudes for its work on the EFIC project, including the identity, title, and affiliations of all persons who participated or had input in making such decisions, the capacity in which each such persons so acted, and the source and scope of each such person's authority to so act.

l. Information concerning whether the PCO settled or otherwise resolved any claim filed by a contractor arising from or relating to a contract which was funded, in whole or in part, with Iraqi MOD funds, and, if so: (i) the source of funds used; and (ii) whether any agency or instrumentality of the government of Iraq provided any input in the settlement or resolution.

6. This information sought on these topics is reasonably expected to demonstrate a genuine issue of material fact precluding grant of Defendant's motion. That motion is based upon Defendant's assertions that the PCO officials with whom Laudes dealt in connection with

the EFIC project were acting as agents of the Iraqi MOD, and that source of funds was to be Iraqi MOD funds. Laudes contends that, notwithstanding the contract upon which Defendant relies, in making the promises to Laudes at issue here, PCO officials were, in fact, acting under the authority and for the benefit of the U.S. Government, had and exercised authority to bind the U.S. Government, and that the U.S. Government breached those promises. The evidence Laudes seeks is expected to demonstrate the existence of material, genuine issues of fact regarding: (a) the capacity in which PCO officials acted in relation to Laudes, and whether PCO was acting and agreed to act subject to the control of the Iraqi MOD, as MOD's agent, as the Defendant contends, or, as Plaintiff claims, under the authority and subject to the control of the U.S. Government; (b) whether the U.S. Government, not the MOD, in fact controlled funding and payment for Plaintiff's EFIC work, and (c) whether the written contract signed by Laudes and MOD, but not by the U.S. Government, reflects an intention on Plaintiff's and the U.S. Government's part that PCO was, for purposes of its promises to Laudes to obtain and assure payment for Laudes' work, at all times acting solely and exclusively as the agent of the Iraqi government, and not under the authority of the U.S. Government.

7. Plaintiff bases its belief that discoverable information on the foregoing matters exists in the possession and control of Defendant on the fact that a small number of documents suggesting the existence of the foregoing issues of material fact have been among documents produced to Laudes in discovery in the other case referenced herein in Paragraph 3 of this Affidavit. On that basis, Plaintiff believes that additional documents and information directly pertinent to the EFIC project and to Plaintiff's opposition to Defendant's motion for summary judgment lie within the exclusive possession and control of Defendants, and, absent use of discovery procedures, are not reasonably available to Plaintiff.

DATED this 16th day of July, 2008, in Seattle, Washington.

By: ______________________________
Mark G. Jackson, WSBA #18325

GARVEY SCHUBERT BARER
1191 Second Avenue, Suite 1800
Seattle, Washington 98101
(206) 464-3939
(206) 464-0125 – fax

SUBSCRIBED AND SWORN to before me this 16th day of July, 2008.

______________________________
Notary Public for Washington
Residing at Vashon, Washington
My Commission Expires 5/26/2009

JENNIFER A. POOLE
NOTARY PUBLIC
COMMISSION EXPIRES 5-26-09
STATE OF WASHINGTON